**BLACKMAN, Admr., Appellant, v. ZELIGS, Appellee.**

Ohio Appeals, First District, Hamilton County.

No. 7404. Decided May 7, 1951.

Nichols, Wood, Marx & Ginter, Cincinnati, for appellant.
Brumleve, DeCamp & Wood, Cincinnati, for appellee.

## OPINION

By THE COURT:

Mary Ferber broke her hip bone. The family physician was called and in accordance with his recommendation, she was taken to the Jewish Hospital. Again, on his recommendation, the defendant, an orthepedic surgeon was employed to perform the required operation of setting the bone so that it

would knit properly. He recommended what is described as a hip pinning operation. This operation was performed on December 11th, 1946. On December 11th, 1947, Mary Ferber filed this action, charging that the defendant was negligent in the course of the operation and, as a result, she sustained burns from chemicals to her back extending from her shoulder all the way down to a point midway between her hips and knees.

At the close of the evidence, the court sustained the defendant's motion for an instructed verdict and entered judgment on the verdict rendered under such instruction. It is from that judgment that this appeal was taken.

The appellant urges two reasons for his contention that the issue of negligence should have been submitted to the jury. (1) It is urged that this situation called for the application of the res ipsa loquitur doctrine. Its application is only justified when the instrumentality or instrumentalities that cause the injury are in the exclusive control of the defendant and the circumstances are such as to indicate that injury would not have resulted had due care been exercised. Under such circumstances, the issue of negligence should be submitted to the trier of the facts and it would be justified, but not required, to draw the inference of negligence.

The impossibility of applying that doctrine in this case is that the defendant did not have exclusive control of the agency—the chemical—that allegedly caused the injury. The operation was performed in a hospital selected by the plaintiff. The hospital prepared the patient for the operation and furnished all the accessories including the chemicals, etc., required in the operation and its employees applied the chemicals. Under such circumstances the doctrine of res ipsa loquitur is not helpful, because even assuming an inference of negligence could be drawn, such negligence could not be attributed to the defendant. It would be attributed with greater force to the hospital employees.

(2) It is said that independently of the rule of res ipsa loquitur, there is evidence of negligence. It is said that the defendant admitted that the burns were caused by benzine applied in preparing the patient for operation. This was denied by the defendant, but assuming it to be true that the burns were caused by the benzine, that is not evidence that defendant was negligent. The defendant took no part at all in preparing the patient for the operation. He took no part in the application of benzine and his attention was not attracted by any improper action by the hospital employees in applying the benzine. Negligence, if any, on the part of the

hospital employees could not be attributed to the defendant. As soon as his attention was called to the condition of the patient's back on the following morning, he gave it the proper treatment.

We find that there was a failure of proof of plaintiff's claim of negligence on the defendant's part and that, therefore, the court did not err in instructing a verdict for the defendant.

For these reasons, the judgment is affirmed.

HILDEBRANT, PJ, MATTHEWS, J, & ROSS, J, concur.